1

2

3

4                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA
5

6   BLAIR BURDEN, on behalf
    of Judith Lynn Burden,[1]                    Case No. 2:17-cv-00222-RBL
7
                              Plaintiff,         ORDER REVERSING AND
8                                                REMANDING DEFENDANT'S
          v.                                     DECISION TO DENY BENEFITS
9
    NANCY A. BERRYHILL, Acting
10  Commissioner of Social Security,

11                            Defendant.

12

13        THIS MATTER is before the Court on Plaintiff Burden's Complaint [Dkt. 6] for review

14  of the Social Security Commissioner's denial of her applications for disability insurance and

15  supplemental security income benefits.

16        Burden suffered from degenerative disc disease of the lumbar spine, heart disease,

17  affective disorder, anxiety disorder, and substance abuse disorder. *See* Dkt. 9, Administrative

18  Record 24. She applied for disability insurance and SSI benefits in March 2010, alleging she

19  became disabled beginning in June 2008. *See* AR 21. Those applications were denied upon initial

20  administrative review and on reconsideration. *See id.* After separate hearings, Burden twice

21  received decisions finding her not to be disabled that were remanded by the Appeals Council.

22

23  *See* AR 21-22. A third hearing was held before Administrative Law Judge Wayne N. Araki in

24  //

25

26
    _____

    [1] Judith Burden died on December 20, 2016. Blair Burden has been appointed substituted party. *See* Dkt. 3. For
    clarity, "Burden" will refer to Judith Burden throughout the Order.
    ORDER - 1

June 2015. *See* AR 22. Burden, represented by a non-attorney representative, appeared and testified, as did a vocational expert. *See* AR 162-216.

The ALJ again determined Burden not to be disabled. *See* AR 18-48. The Appeals Council denied Burden's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. *See* AR 6-12; 20 C.F.R. §§ 404.981, 416.1481. In March 2017, Burden filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 6.

Burden argues that the Commissioner's decision to deny benefits should be reversed and remanded for an immediate award of benefits or for further administrative proceedings because the ALJ erred in evaluating the medical evidence in the record and Burden's testimony, and therefore in finding at step five of the sequential evaluation process that Burden was capable of performing work available in the national economy.

The Commissioner argues that the ALJ did not err in evaluating the medical evidence or Burden's testimony, so the ALJ's finding that Burden was not disabled was supported by substantial evidence and should be affirmed.

**DISCUSSION**

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and*

ORDER - 2

*Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[2]

## I. The Medical Evidence in the Record

The ALJ determines credibility and resolves ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

Burden argues that the ALJ erred by failing to fully incorporate the opinion of state agency medical consultant Nathaniel Arcega, M.D. *See* Dkt. 11 at 6. The Court agrees.

A "[s]tate agency medical and psychological consultant" may be treated as a "highly qualified" physician with expertise in evaluating "medical issues in disability claims." Social Security Ruling 96-6p, 1996 WL 374180 *2. Dr. Arcega reviewed the record and found that, among other limitations, Burden could stand or walk for at least two hours in an eight-hour workday but could not stand or walk for about six hours in an eight-hour workday. *See* AR 751. The ALJ gave significant weight to Dr. Arcega's assessment, finding it to be consistent with Burden's examination findings, activities, and treatment records. *See* AR 36-37.

However, the ALJ ultimately found that Burden had the RFC to perform light work with some additional postural restrictions but without any additional restrictions in standing or walking. *See* AR 30. Light work generally requires standing or walking for a total of approximately six hours in an eight-hour workday. *See* SSR 83-10, 1983 WL 31251 *6.

ORDER - 4

Accordingly, the ALJ asked the vocational expert hypothetical questions involving a person who could stand or walk for six hours in an eight-hour workday. *See* AR 207-11. Based on those hypothetical questions, the ALJ found that Burden could perform the jobs of hotel housekeeper and marker, both of which are categorized as light work. *See* AR 39-40. The ALJ did not reconcile his assignment of significant weight to Dr. Arcega's opinion that Burden could not stand or walk for six hours with his finding that Burden could perform jobs that required standing or walking for six hours. An ALJ must explain why "significant probative evidence has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984); *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984). Therefore, the ALJ erred by tacitly rejecting part of Dr. Arcega's opinion without explanation. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring" the opinion.)

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Here, the ALJ specifically asked the vocational expert whether a person who could only stand or walk for two hours in an eight-hour workday could perform the jobs in question. *See* AR 210. The vocational expert responded that

ORDER - 5

the person in the hypothetical question could not perform the jobs of hotel housekeeper and

marker. *See id.*

The Commissioner argues that the ALJ did not necessarily commit harmful error because

while the full range of light work requires six hours of standing or walking, a job may also be

classified as light work if it requires more than two hours but less than six hours of standing or

walking. *See* Dkt. 15 at 13. However, as noted by the ALJ, where a claimant cannot perform the

full range of a category of work, the ALJ uses vocational expert testimony to establish how

greatly any additional limitations erode the occupational base. *See* AR 39. Here, the ALJ did not

include any additional standing or walking limitations in the hypothetical questions to the

vocational expert. *See* AR 207-11. In fact, the ALJ specifically stated that the person in the

hypothetical questions could stand or walk for six hours. *See* AR 207. However, the ALJ gave

significant weight to Dr. Arcega's opinion that Burden could not stand or walk for six hours,

giving no reason to discount that part of the opinion. *See* AR 36-37. Therefore, the ALJ's error

affected the ultimate disability determination and is not harmless.

**II.      Scope of Remand**

The Court may remand a case "either for additional evidence and findings or to award

benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). When the Court reverses an

ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for

additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)

(citations omitted). It is "the unusual case in which it is clear from the record that the claimant is

unable to perform gainful employment in the national economy," that "remand for an immediate

award of benefits is appropriate." *Id.*

//

ORDER - 6

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, while the ALJ erred by failing to fully incorporate Dr. Arcega's opinion, issues remain regarding Burden's ability to perform other work during the relevant period despite any additional functional limitations. Remand for further consideration is warranted.

## CONCLUSION

The Court finds that the ALJ improperly concluded Burden was not disabled. The Commissioner's decision to deny benefits is REVERSED, and this matter is REMANDED for further administrative proceedings as detailed in this order.

DATED this 5th day of October, 2017.


Ronald B. Leighton
United States District Judge

ORDER - 7